**John F. EDWARDS, Appellant,**

v.

**BOEING VERTOL COMPANY, William Platt, Howard Stuverude, Joseph Wood, Local 1069 U.A.W.**

**No. 82–1826.**

United States Court of Appeals, Third Circuit.

Originally Argued Aug. 5, 1983.

Resubmitted under Third Circuit Rule 12(6) Oct. 15, 1984.

Decided Nov. 29, 1984.

Alice W. Ballard, Samuel & Ballard, Philadelphia, Pa., for appellant.

Jerome A. Hoffman, John M. Coleman, Dechert, Price & Rhoads, Philadelphia, Pa., for appellees.

Before GIBBONS and HUNTER, Circuit Judges and MANSMANN, District Judge *.

## OPINION ON REMAND

GIBBONS, Circuit Judge:

This appeal is before us on remand from the Supreme Court of the United States, which on July 2, 1984 vacated our prior judgment and remanded for reconsideration in light of its decision in *Cooper et al. v. Federal Reserve Bank of Richmond,* — U.S. ——, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984). See — U.S. ——, 104 S.Ct. 3566, 82 L.Ed.2d 867. After receipt of the Su-preme Court's mandate we afforded the parties the opportunity to comment as to an appropriate disposition. We reinstate our prior judgment.

In 1971 employees of Boeing Vertol Co. filed a class action on behalf of all black employees of that company, alleging a company-wide pattern or practice of racial discrimination. John F. Edwards was a witness in the trial of that action, but not a named plaintiff. The district court held that Boeing Vertol Co. had not engaged in a pattern or practice of racial discrimination, and this court affirmed. *Croker v. Boeing,* 437 F.Supp. 1138, 1192 (E.D.Pa. 1977), *aff'd,* 662 F.2d 975 (3d Cir.1981) (in banc). The district court undertook to consider claims of individuals, including Edwards, as well as pattern or practice discrimination. The court purported to find that Edwards had failed to make out a prima facie case of individual racial discrimination.

On appeal, this court, on the authority of *Dickerson v. United States Steel Corp.,* 582 F.2d 827 (3d Cir.1978), held that the district court had no jurisdiction to decide the individual claims of class members who were not named plaintiffs and who had not established the jurisdictional predicates for their individual actions. For that reason this court refused to address Edwards' claim on the merits. 662 F.2d at 997–98 and n. 12.

Edwards, having received from the Equal Employment Opportunity Commission a notice of right to sue, had, even before our decision, filed a pro se complaint, which after our decision he pressed. The district court decided in favor of Boeing, holding that Edwards had failed to make out a prima facie case of racial discrimination. Edwards appealed to this court, which on September 8, 1983 reversed, and remanded for a new trial. 717 F.2d 761.

---

* Hon. Carol Los Mansmann, United States District Judge for the Western District of Pennsyl-vania, sitting by designation.

Our earlier opinion decided three issues: that the trial court erred in striking Edwards' jury trial demand; that the trial court erred in excluding evidence of acts of discrimination which occurred prior to May 25, 1973; and that the judgment in favor of Boeing Vertol Co. in the *Croker* class action did not bar his action. Only the third issue is affected by the Supreme Court's action.

In the *Cooper* case the Supreme Court rejected the claim that a district court in a Rule 23 class action had an obligation to adjudicate claims of all class members. It might be inferred, from language in the *Cooper* opinion, that the district court had discretion to adjudicate such claims if it so desired; this is a question we need not decide.[1] Were we to draw such a reverse inference from the holding in *Cooper* that would suggest, perhaps, that *Dickerson v. United States Steel Corp., supra,* was erroneously decided. Boeing Vertol Co. urges that we do so. Doing so, however, in no way advances its position.

Our judgment in *Croker* is long since final, as even a motion to reopen under Fed.R.Civ.P. 60 would be untimely. In that case we held that we would not address the merits of Edwards' claim because under *Dickerson* the district court lacked jurisdiction to litigate it. Because Edwards was unable to appeal in *Croker* the district court's decision on the merits of his claim, he cannot now be collaterally estopped from re-asserting the issue of discrimination in the present action. Restatement (Second) of Judgments § 28(1) (1982). Our decision in *Croker*, therefore, whether right or wrong, prevents Boeing Vertol Co. from raising the defense of collateral estoppel. The district court thus properly entertained Edwards' claim of individual discrimination.

Our judgment of September 8, 1983 will, therefore, be reinstated.

---

1. It should be noted that even if *Cooper* makes consideration of claims of individual class members discretionary, the *Dickerson* opinion supplies a useful guide as to the factors to be considered in the exercise of that discretion, and the outcome might be no different.