COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia

AKAK, CORP., S/K/A
AKAK, INC.

OPINION BY
v. Record No. 1918-01-4 JUDGE ROSEMARIE ANNUNZIATA
AUGUST 13, 2002

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N. A. Kendrick, Judge

Robert L. Tomlinson II (Tomlinson & Associates, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney General (Jerry W. Kilgore, Attorney General, on brief), for appellee.

On June 5, 2001, the circuit court convicted AKAK, Corp. (AKAK) of charging an excessive towing fee, in violation of Code § 46.2-1233.1, and fined it $75. AKAK appeals on the ground that the trial court erroneously applied the doctrine of res judicata to bar it from arguing that the fee limit set by the state code did not apply. For the reasons that follow, we reverse AKAK's conviction.

Background

The facts surrounding the offense are undisputed. On March 26, 2000, Aura Dunn illegally parked her automobile on South Fern Street in Arlington. While she was shopping, AKAK's

subsidiary towed her vehicle and charged her $120 for the towing.

## Trial Court Decision

The circuit court convicted AKAK for charging a towing fee in excess of the state fee limit for hook up and towing set by Code § 46.2-1233.1. Code § 46.2-1233.1 sets a statewide towing limit of $85 that applies "unless different limits are established by ordinance of the local governing body pursuant to § 46.2-1233." Code § 46.2-1233 permits localities to set limits on towing charges and provides that, if reasonable, those established limits will control within the localities.

At trial, AKAK raised a plea in bar, arguing that the Commonwealth could not prosecute it under the state fee limit because Arlington County had adopted a local ordinance that established a different limit. See Code § 46.2-1233.1. The circuit court disagreed on the ground that the issue had been decided by the general district court on April 21, 2000 in a case where AKAK was charged with charging a towing fee to another citizen in excess of the state fee limit for hook up and towing. The circuit court, thus, found AKAK's plea in bar was foreclosed under principles of res judicata.[1]

---

[1] At the April 2000 proceeding, AKAK contended, in its plea in bar, that the county ordinance precluded the Commonwealth from prosecuting the charge based on the state code. The district court determined that the county ordinance had been declared invalid in an earlier proceeding against AKAK for the same offense before another general district court judge and

## Analysis

AKAK claims on appeal that the circuit court misapplied the doctrine of res judicata because it "had no opportunity to challenge the ruling in the former case." We agree.

The doctrine of res judicata

> rests upon the principle that a person should not be required to relitigate the same matter a second time "with the same person or another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue, which has been necessarily tried and fully determined, upon the merits, by a court of competent jurisdiction . . . ."

Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 618, 376 S.E.2d 787, 788 (1999) (citations omitted). "In short, once a matter or issue has been adjudicated, it may be relied upon as conclusive between the parties, or their privies in any subsequent suit." Id.

"Res judicata encompasses four preclusive effects, each conceptually distinct, which a final personal judgment may have upon subsequent litigation. These are merger, direct estoppel, bar, and collateral estoppel." Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974) (citing Lawlor v. National Screen Service Corp., 349 U.S. 322, 326 n.6 (1955). Collateral estoppel, the species of res judicata applicable in this case,

---

denied AKAK's plea in bar. However, the district court dismissed the charges against AKAK on other grounds. Therefore, AKAK could not appeal the decision.

precludes relitigation of issues actually litigated and determined in [a] prior suit, regardless of whether it was based on the same cause of action as the second suit." Lawlor, 349 U.S. at 326; accord Bates, 214 Va. at 672, 202 S.E.2d at 922 ("[C]ollateral estoppel is solely a doctrine of issue preclusion.").[2] To establish the defense of collateral estoppel, a party must establish the following:

> (1) the parties to the prior and subsequent proceedings, or their privies, must be the same, (2) the factual issue sought to be litigated actually must have been litigated in the prior action, (3) the factual issue must have been essential to the judgment in the prior proceeding, and (4) the prior action must have resulted in a judgment that is valid, final, and against the party against whom the doctrine is sought to be applied.

Scales v. Lewis, 261 Va. 379, 382, 541 S.E.2d 899, 901 (2001) (citing Angstadt v. Atlantic Mutual Ins., 249 Va. 444, 446-47, 457 S.E.2d 86, 87 (1995)). However, collateral estoppel does not apply where "[t]he party against whom preclusion is sought

---

[2] In contrast, the doctrine of res judicata-bar, the "preclusive effect commonly meant by use of the term 'res judicata,'. . . bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies." Bates, 214 Va. at 670-71, 202 S.E.2d at 920-21. This preclusive effect does not apply to the instant case because the prosecution's claim is based on a different cause of action. See Allstar Towing, Inc. v. City of Alexandria, 231 Va. 421, 425, 344 S.E.2d 903, 906 (1986) (holding that res judicatata-bar did not apply because the plaintiff asserted legal rights arising from "a factual transaction that was different from the factual transaction giving rise to the assertion of legal rights in the first action," and, thus, presented a different cause of action).

could not, as a matter of law, have obtained review of the judgment in the initial action." Restatement (Second) of Judgments § 28(1); accord Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387, 393-94 (5th Cir. 1998); Lombardi v. City of El Cajon, 117 F.3d 1117, 1122 (9th Cir. 1997); Johnson v. Watkins, 101 F.3d 792, 795-96 (2d Cir. 1996); Nutter v. Monongahela Power Co., 4 F.3d 319, 322 (4th Cir. 1993); Edwards v. Boeing Vertol Co., 750 F.2d 13, 15 (3rd Cir. 1984); Gelpi v. Tugwell, 123 F.2d 377, 378 (1st Cir. 1941); see also Standefer v. United States, 447 U.S. 10, 23 (1980) ("Under contemporary principles of collateral estoppel, [the fact that a party could not appeal the prior judgment] strongly militates against giving an acquittal preclusive effect." (citing Restatement (Second) of Judgments § 68.1 (Tent. Draft No. 3, 1976 (denying preclusive effect to an unreviewable judgment))).

We hold that the trial court erroneously prevented AKAK from arguing that the county ordinance was valid and precluded the Commonwealth from prosecuting it under the state fee limit because AKAK could not obtain appellate review of the district court's April 2000 decision on that issue. Although the district court determined the precise issue in question in the instant case against AKAK, it dismissed the Commonwealth's case against AKAK on other grounds. Therefore, AKAK did not have the opportunity to appeal the district court's determination of the issue in the present case. Accordingly, the correctness of the

district court's ruling is uncertain and cannot preclude AKAK from pursuing the issue in this subsequent action. See Standefer, 447 U.S. at 23 ("The estoppel doctrine . . . is premised upon an underlying confidence that the result achieved in the initial litigation was substantially correct. In the absence of appellate review, or the opportunity for similar procedures, such confidence is often unwarranted.").

In short, the trial court erroneously determined that res judicata, specifically collateral estoppel, barred relitigation of whether the Commonwealth could prosecute AKAK under the fee limit set by the state code. Therefore, we reverse AKAK's conviction and remand for further proceedings if the Commonwealth be so advised.

Reversed and remanded.