Henry MOUNSON, Plaintiff–Appellee,

v.

Jeffrey MOORE, et al., Defendants–
Appellants.

No. 02–4164, 03–2117.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 21, 2004.*

Decided Oct. 22, 2004.

Henry Mounson, Tamms, IL, pro se.

David A. Perney, St. Louis, MO, for
Plaintiff–Appellee.

Deborah L. Ahlstrand, Office of the At-
torney General Civil Appeals Division, Chi-
cago, IL, Heidi Hildebrand, Office of the

---

* Appellee Henry Mounson failed to file a brief, and on May 27 and June 29, 2004, we ordered Mounson to show cause why these appeals should not be decided without the filing of an appellee's brief and without oral argument. Receiving no response, on July 21, 2004, we ordered the appeal submitted on the appellant's brief and the record. *See* Fed. R.App. Pro. 31(c), 34(a)(2); Cir. R. 31(d).

Attorney General Criminal Appeals Division, Springfield, IL, for Defendants–Appellants.

Before Hon. DANIEL A. MANION, Hon. TERENCE T. EVANS, and Hon. DIANE S. SYKES, Circuit Judges.

## ORDER

These appeals ask us to consider whether a plaintiff may receive reasonable attorney's fees as a "prevailing party" under 42 U.S.C. § 1988 if the jury found for the plaintiff on the issue of liability but awarded zero damages. Inmate Henry Mounson sued several Illinois prison officials claiming that they subjected him to excessive force and then denied him medical care in violation of his constitutional rights. After the medical-care claim and several defendants were dismissed from the case, a jury ultimately found in Mounson's favor on the issue of liability, concluding that he had been subjected to excessive force. The jury did not, however, award him any damages. Afterwards, the defendants moved under Federal Rule of Civil Procedure 50 for judgment as a matter of law, but the magistrate judge presiding by consent denied the motion. The court also awarded Mounson, as the "prevailing party," $5000 in attorney's fees. (Counsel had been appointed for him after he filed his complaint in the district court.) The defendants appealed both the adverse ruling on their Rule 50 motion and the award of fees, and we consolidated the appeals. Because we conclude that a district court may not award attorney's fees to a plaintiff who fails to win any damages, we vacate the award of fees in appeal number 03–2117. We also dismiss appeal number 02–4164.

■ In a § 1983 suit, a district court may award a reasonable attorney's fee to a prevailing party. *See* 42 U.S.C. § 1988. A person is considered to be a prevailing party only if he receives "some relief on the merits of his claim." *Farrar v. Hobby,* 506 U.S. 103, 111, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). That is, the "plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought." *Id.* Although there used to be some doubt whether a plaintiff who recovers only nominal damages may be considered a prevailing party, the Supreme Court held in *Farrar* that even $1 in damages serves to alter the legal relationship between the parties such that the plaintiff must be considered a prevailing party. *Id.* at 112, 113 S.Ct. 566.

The Court also said, however, that "a judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party." *Id.* Mounson received only a jury determination that the defendants violated his constitutional rights, but it was unaccompanied by an enforceable judgment. Mounson has nothing to collect from the defendants or enforce against them. He cannot be considered a prevailing party for the purposes of § 1988, and the district court was without the authority to award him attorney's fees. *See Bonner v. Guccione,* 178 F.3d 581, 593–94 (2d Cir. 1999) (relying on *Farrar* to deny attorney's fees in case when Title VII plaintiff received favorable jury finding on liability but no damages).

To be sure, even if Mounson had received nominal damages, and would thus have been a prevailing party, it is not clear that he would have been entitled to attorney's fees. When a plaintiff seeks compensatory damages but receives only nominal damages "because of his failure to prove an essential element of his claim for monetary relief, ... the only reasonable fee is usually no fee at all." *Farrar,* 506 U.S. at 115, 113 S.Ct. 566. Mounson

sought $40,000 in compensatory damages plus punitive damages, so if he had received only nominal damages, he would have failed to accomplish the primary purpose of his litigation. Under *Farrar*, in such a situation a district court ordinarily should exercise its discretion to award no fees. *But see Murray v. City of Onawa, Iowa*, 323 F.3d 616, 619 (2003) (8th Cir. 2003) (affirming award of attorney's fees in case in which plaintiff sought $500,000 and the jury awarded $1); *Wilcox v. City of Reno*, 42 F.3d 550, 554–55 (9th Cir.1994) (concluding that *Farrar* does not preclude fee award in case where plaintiff failed to obtain compensatory damages and received only nominal damages but achieved "other tangible results" such as "sparking a change in policy" or establishing fact with potential collateral estoppel effect). If Mounson had sought only nominal damages and received them, in that case he likely would have been able to collect attorney's fees. But *Farrar* is clear that without at least an award of nominal damages, which Mounson did not obtain, a party cannot be considered a prevailing party and thus cannot collect fees.

 That leaves us with appeal number 02–4164 in which the defendants challenge the district court's denial of their post-trial Rule 50 motion for judgment as a matter of law. Although the court technically entered judgment in favor of Mounson, altering that judgment to be in favor of the defendants as a matter of law would carry no effect. The defendants pay zero dollars to Mounson either way. As a result, appeal number 02–4164 presents no real case or controversy and must be dismissed. *See Warner/Elektra/Atlantic Corp. v. County of DuPage*, 991 F.2d 1280, 1282 (7th Cir.1993). Also, because the

judgment in favor of Mounson is not appealable by the defendants, it carries no preclusive effect. *See Warner/Elektra/Atlantic Corp.*, 991 F.2d at 1282–83; *see also Dixon v. Wallowa County*, 336 F.3d 1013, 1020 (9th Cir.2003); *Edwards v. Boeing Vertol, Co.*, 750 F.2d 13, 15 (3d Cir.1984); *Restatement (Second) of Judgments* § 28(1) (1982).

Accordingly, we VACATE the award of fees in appeal number 03–2117 and DISMISS appeal number 02–4164.