COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, McClanahan and Senior Judge Willis
Argued by teleconference


COMMONWEALTH OF VIRGINIA

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0228-06-1            JUDGE ELIZABETH A. McCLANAHAN
                                                         AUGUST 1, 2006
SEAN GREEN


               FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                              Louis R. Lerner, Judge

             Michael T. Judge, Senior Assistant Attorney General (Robert F.
             McDonnell, Attorney General, on briefs), for appellant.

             Timothy G. Clancy (Moschel & Clancy, P.L.L.C., on brief), for
             appellee.


        Relying on Code § 19.2-398(A)(1)(ii), the Commonwealth appeals the trial court's order

dismissing indictments against appellee, Sean Green, charging him with possession of cocaine

with intent to distribute and possession of a firearm while possessing cocaine with intent to

distribute.  The Commonwealth challenges the dismissal order on the contention it was based on

the trial court's prior erroneous ruling that, pursuant to a general district court ruling on a

suppression motion in a related case, the Commonwealth was collaterally estopped from

introducing certain incriminating evidence against Green.  Because we conclude this appeal is

not authorized by Code § 19.2-398(A)(1)(ii), we dismiss the appeal without reaching the merits.

                                   I.  BACKGROUND

        As a result of a traffic stop during which police searched Green and purportedly seized

cocaine and a firearm from his person, Green was indicted on illegal possession charges in

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

violation of Code § 18.2-248 (possessing cocaine with intent to distribute), and Code § 18.2-308.4 (possessing firearm while possessing cocaine with intent to distribute).  Green was also charged with possession of a concealed weapon in violation of Code § 18.2-308, a misdemeanor.  Green was acquitted of the misdemeanor charge after the general district court granted his motion to suppress the seized evidence on the ground that the search and seizure were in violation of his Fourth Amendment rights.  For the same reason, the general district court also suppressed that evidence during the preliminary hearing on the felony possession charges and, on that basis, found no probable cause sufficient to certify the felony possession charges to the grand jury.

Subsequently, in the instant case on the felony charges, Green filed a motion to suppress the seized evidence, again contending the search and seizure violated the Fourth Amendment.  Circuit Court Judge Wilford Taylor, Jr. denied the motion.  Green later filed a motion *in limine* in which he asserted that, based on the general district court's ruling on his suppression motion, the Commonwealth was collaterally estopped from using the contraband seized from him as evidence in the case.  Circuit Court Judge Louis R. Lerner granted that motion.  The Commonwealth filed a notice of appeal with this Court following the ruling, but the appeal was dismissed because the Commonwealth failed to file a timely petition for appeal and failed to file a timely motion for an extension of time.

The Commonwealth thereafter represented to the trial court, on the day set for trial, that it had no evidence upon which to proceed to trial because of the court's collateral estoppel ruling, and thus it "technically" was not "ready to go forward."  The Commonwealth also represented that it intended to again seek an appeal on that ruling but could not do so "unless the court dismisses the indictment[s]."  Nevertheless, the Commonwealth requested that the court "incorporate by reference" the "prior proceedings in this matter," described as follows:

> The first one being the suppression hearing in front of Judge Taylor . . . . [T]hen . . . the testimony of the sworn witnesses, Officer Venable and Officer Frederick, who were involved in that case during the suppression hearing. They were both sworn at that time. [The Commonwealth] would like to ask the court to take into account that testimony.

Lastly, the Commonwealth requested that the court "incorporate by reference the motion *in limine* [upon which the court] granted the motion to keep out evidence of the firearm and possession of cocaine by the defendant . . . ." At that point, it concluded by stating: "the Commonwealth does not have any further witnesses" and "[t]he Commonwealth rests." The trial court then asked Green if he had "any objection" to so incorporating that evidence "by reference," and Green indicated that he agreed to make it "part of these proceedings."

In response, Green moved to dismiss the indictments on the two charges and the trial court granted the motion. In its dismissal order, the trial court expressly stated that the indictments were being dismissed upon the court "having heard the evidence presented by both sides." Relying on Code § 19.2-398(A)(1)(ii), the Commonwealth filed this appeal.[1]

## II. ANALYSIS

The Commonwealth's right of appeal in criminal cases is governed by Title 19.2, Chapter 25, of the Code (Code §§ 19.2-398 through 19.2-409), which is limited to an "appeal from a circuit court's pre-trial rulings in a felony case" on matters specified by statute. In re Horan, 271

---

[1] Contending that the dismissal order is appealable under Code § 19.2-398, the Commonwealth argues that the general district court ruling on Green's suppression motion could not be imposed upon the Commonwealth under the doctrine of collateral estoppel: (a) because Code § 19.2-60 provides that the ruling of "a court not of record" granting a suppression motion "shall have no effect on any hearing or trial in a court of record," thus making it non-final for purposes of issue preclusion; or, in the alternative, (b) because the doctrine is inapplicable where the ruling is only one of law rather than a ruling on an ultimate issue of fact at issue in the subsequent proceeding, as otherwise required for application of collateral estoppel as a facet of double jeopardy under the Fifth Amendment. Ashe v. Swenson, 397 U.S. 436, 443 (1970); Slayton v. Commonwealth, 41 Va. App. 101, 105, 582 S.E.2d 448, 449-50 (2003). Because we conclude this appeal must be dismissed, we need not rule on either issue in the case.

Va. 258, 265, ___ S.E.2d ___, ___ (2006) (citing Code § 19.2-398). Code § 19.2-398(A)(1)(ii), the Commonwealth's basis for the instant appeal, provides:

> In a felony case a pretrial appeal from a circuit court may be taken by the Commonwealth from . . . [a]n order of a circuit court dismissing a warrant, information or indictment, or any count or charge thereof on the ground that . . . (ii) the defendant would be twice placed in jeopardy in violation of the provisions of the Fifth Amendment to the Constitution of the United States or Article I, Section 8 of the Constitution of Virginia . . . .[2]

To define a "pretrial appeal" under Code § 19.2-398, that statute must be read in conjunction with Code § 19.2-400, which defines a pretrial appeal in relevant part as an appeal taken, "in cases to be tried without a jury, before the court begins to hear or receive evidence or the first witness is sworn, whichever occurs first."

While Green acknowledges that application of the doctrine of collateral estoppel in criminal cases emanates from the Double Jeopardy Clause of the Fifth Amendment, Ashe v. Swenson, 397 U.S. 436 (1970),[3] he contends the Commonwealth's reliance on Code § 19.2-398(A)(1)(ii) is misplaced because this is not a pretrial appeal. Given the Commonwealth's submission of evidence, including sworn testimony, immediately prior to the trial court's ruling in Green's favor on his motion to dismiss, we agree.

---

[2] Code § 19.2-398(A)(1) was amended in 2005 to insert clause (ii). See 2005 Acts, cc. 622 and 694.

[3] But see Standefer v. United States, 447 U.S. 10, 23 n.18 (1980) ("The estoppel doctrine . . . is premised upon an underlying confidence that the result achieved in the initial litigation was substantially correct. In the absence of appellate review, or of similar procedures, such confidence is often unwarranted."); AKAK, Corp. v. Commonwealth, 38 Va. App. 634, 639, 567 S.E.2d 589, 591 (2002) ("[C]ollateral estoppel does not apply where 'the party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action.'" (citations omitted)); see also S.W. v. State, 703 So. 2d 427, 429-30 (Ala. Crim. App. 1997) (holding that State was not bound by district court ruling regarding suppression of evidence because the ruling was not "final" for purposes of collateral estoppel, where State had no opportunity to appeal that ruling); see generally 6 Wayne R. LaFave, Search and Seizure § 11.2(g) (4th ed. 2004).

On the day set for trial, the Commonwealth advised the trial court that it was not "technically" ready to proceed to trial because of the court's collateral estoppel ruling. The Commonwealth further advised that it intended again to seek an appeal of that ruling but could only do so if the court dismissed the indictments. The Commonwealth, however, offered evidence "by incorporation" which the court accepted, after which the Commonwealth "rested" its case. At that juncture, the court had "hear[d] or receive[d] evidence," including sworn testimony, as provided in Code § 19.2-400. Consequently, the Commonwealth's appeal of the dismissal order is not a pretrial appeal, as required under Code § 19.2-398.

For these reasons, the appeal is dismissed.

<u>Dismissed.</u>