COURT OF APPEALS OF VIRGINIA


Present:    Judges Annunziata, Humphreys and McClanahan
Argued by teleconference


JOHN BERNICE VESTER
                                                                OPINION BY
v.        Record No. 2614-02-2                    JUDGE ROBERT J. HUMPHREYS
                                                                MARCH 9, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              Gary A. Hicks, Judge

        Joseph McGrath for appellant.

        Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General; H. Elizabeth Shaffer, Assistant Attorney General,
        on brief), for appellee.


        John Bernice Vester appeals his conviction for one count of operating a motor vehicle

while under the influence, third or subsequent offense within ten years, in violation of Code

§§ 18.2-266 and 18.2-270.[1]  Vester argues the trial court erred in denying his motion to suppress

his prior convictions for driving under the influence.  For the reasons that follow, we affirm

Vester's conviction.

        In accordance with settled principles of appellate review, on an appeal of a trial court's

denial of a motion to suppress, this Court must review the evidence in the light most favorable to

the Commonwealth, the prevailing party in the lower court, granting to it all reasonable

inferences fairly deducible from it.  Sabo v. Commonwealth, 38 Va. App. 63, 69, 561 S.E.2d

_____

        [1] In addition to this charge, Vester was charged with one count of failure to appear in
violation of Code § 19.2-128.  However, the disposition of that charge is not at issue on this
appeal.

761, 764 (2002). "'[T]he burden is upon [the defendant] to show that the ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (alterations in original) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980)).

The record reflects that Vester was arrested on October 30, 1999 for driving under the influence. Vester was subsequently indicted for driving under the influence "after having before been convicted within ten (10) years of two (2) or more convictions of [such] offenses," in violation of Code §§ 18.2-266 and 18.2-270.[2]

Prior to his trial, Vester filed a "Motion to Dismiss" the indictment. In relevant part, Vester alleged that his prior convictions for misdemeanor DUI should be suppressed. Specifically, Vester conceded that he had been convicted for two separate counts of misdemeanor DUI (in violation of Code § 18.2-266) on August 21, 1995. Vester further conceded that he had court-appointed counsel to represent him on those charges and that his court-appointed counsel appealed the related convictions to this Court. By order dated July 8, 1996, this Court denied Vester's petition for appeal. Because his court-appointed counsel failed to perfect a further appeal of those convictions to the Supreme Court of Virginia, Vester argued that his counsel was "ineffective." Therefore, in his motion to suppress, Vester claimed those convictions were invalid, and could not be relied upon in the instant case, because he was effectively denied his Sixth Amendment right to counsel for purposes of appeal of those

---

[2] Code § 18.2-270 permits enhanced punishment for a third or subsequent DUI offense (in violation of Code § 18.2-266), within a prescribed period of time. Code § 18.2-270; see also Williams v. Commonwealth, 265 Va. 268, 271-72, 576 S.E.2d 468, 470 (2003).

convictions. After a hearing, the trial court denied Vester's motion to suppress. The trial court subsequently took evidence on the matter and found Vester guilty of the offense.

On appeal, Vester argues that the trial court erred in denying his motion to suppress, contending, once again, that his counsel for the prior convictions was ineffective and, therefore, that "[h]is situation cannot be distinguished from that of someone who had no counsel at all." Vester relies upon the premise stated in the United States Supreme Court's decision in Burgett v. Texas, 389 U.S. 109 (1967). In Burgett, the Court held that prior, *uncounseled* convictions resulting in jail sentences were unconstitutional and could not, therefore, be "used against a person either to support guilt or enhance punishment for another offense." 389 U.S. at 115. We have recognized this same premise. See Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997) ("[A] previous misdemeanor conviction attended by incarceration is constitutionally offensive and may support neither guilt nor enhanced punishment for a later offense, unless the accused either waived or was represented by counsel in the earlier proceeding."); see also Samuels v. Commonwealth, 27 Va. App. 119, 497 S.E.2d 873 (1998); James v. Commonwealth, 18 Va. App. 746, 446 S.E.2d 900 (1994). Nevertheless, we disagree with Vester's contention that his alleged "ineffective" assistance of counsel permits him to collaterally attack his underlying convictions.

Vester concedes that his earlier convictions were secured with the assistance of counsel. Vester further concedes that his counsel properly perfected an appeal of those convictions to this Court. However, because his counsel failed to properly perfect a further appeal to the Supreme Court of Virginia, Vester claims his counsel was constitutionally "ineffective" for purposes of the Sixth Amendment.

However, even were we to assume, without here deciding, that Vester's novel claim in this regard were true - that his counsel was "ineffective" - his claim on appeal must still fail. Indeed, albeit arguably in *dicta*, this Court has explicitly recognized that:

> The effectiveness of counsel is a separate issue from the right to counsel, although the two have often been analyzed in the same cases. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Stamper v. Townley, 4 Va. App. 101, 105, 354 S.E.2d 802, 804 (1987) (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)). Thus, once it is determined that counsel was in fact afforded to a defendant, a separate inquiry (and one that is not considered as part of this appeal) is whether that counsel's conduct provided reasonably effective assistance.

Browning v. Commonwealth, 19 Va. App. 295, 297 n.2, 452 S.E.2d 360, 362 n.2 (1994).

Consistent with this line of reasoning, the United States Supreme Court has, likewise, explicitly distinguished between a defendant's lack of counsel and a defendant's lack of "effective" counsel. Specifically, in Custis v. United States, 511 U.S. 485 (1994), the United States Supreme Court considered a claim virtually identical to Vester's. Custis was convicted of an offense under the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e) (ACCA). Custis, 511 U.S. at 487. The Court granted certiorari to determine whether Custis had a right to collaterally attack the validity of the previous state convictions that were used to enhance his sentence under the ACCA. Id. In finding that Custis possessed no such right, the Supreme Court held as follows:

> We think that since the decision in Johnson v. Zerbst[, 304 U.S. 458 (1938),] more than half a century ago, and running through our decisions in Burgett and [United States v. Tucker, 404 U.S. 443 (1972),] there has been a theme that failure to appoint counsel for an indigent defendant was a *unique constitutional defect*. Custis attacks his previous convictions *claiming the denial of the effective assistance of counsel*, that his guilty plea was not knowing and intelligent, and that he had not been adequately advised of his

- 4 -

> rights in opting for a "stipulated facts" trial. None of these alleged constitutional violations rises to the level of a jurisdictional defect resulting from the failure to appoint counsel at all. Johnson v. Zerbst, supra.

Custis, 511 U.S. at 496 (emphases added). Thus, contrary to Vester's contention on appeal, the United States Supreme Court has made a clear distinction between "uncounseled" convictions, and those that were secured with "ineffective" counsel. Accordingly, Vester's claim that his "ineffective counsel" amounted to "no counsel," for purposes of the Sixth Amendment and collateral attack on his prior convictions, must fail.

Moreover, the United States Supreme Court explicitly held in Custis that the right to collaterally attack a prior criminal conviction in a subsequent proceeding for enhancement purposes is limited to the *actual* denial of counsel. Id.; see also Daniels v. United States, 532 U.S. 374, 378 (2001); United States v. Simpson, 94 F.3d 1373, 1381 (10th Cir. 1996) (holding that where a defendant's claim did not amount to a "complete denial of counsel," it could not form the basis of a collateral attack).

Although the Custis decision concerned the sentencing enhancement provisions contained within a federal statute, the Court did not base its determination solely on the distinctive nature of that statute. Instead, the Court specifically recognized two bases for its decision: 1) The language of the ACCA did not explicitly permit collateral challenges to prior convictions; and, 2) The Constitution – regardless of any statutory omission – did not permit Custis to "use the federal sentencing forum to gain review of his state convictions" on the grounds asserted. Custis, 511 U.S. at 497.

Accordingly, and consistent with the United States Supreme Court's decision in Custis, we find that Vester's sole claim of ineffective assistance of counsel, as a basis for challenging his underlying convictions for DUI, does not "rise to the level of a [constitutional] jurisdictional

defect resulting from the failure to appoint counsel at all." Id. at 496. We thus find that Vester was not entitled to collaterally attack the validity of his previous misdemeanor DUI convictions, and we affirm his conviction for DUI, third or subsequent offense within ten years, in violation of Code §§ 18.2-266 and 18.2-270.

Affirmed.