COURT OF APPEALS OF VIRGINIA

Present:   Judges Decker, Russell and Senior Judge Felton
Argued at Norfolk, Virginia


GREGORY EDWARD LEONARD, II

OPINION BY
v.       Record No. 0135-15-1              JUDGE WESLEY G. RUSSELL, JR.
APRIL 26, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
H. Thomas Padrick, Jr., Judge

Mykell L. Messman (Messman Law, PLC, on brief), for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


On April 22, 2013, appellant was convicted in a bench trial of driving under the influence,

third offense within five years, in violation of Code § 18.2-266 and sentenced in accord with Code

§ 18.2-270.[1]  On appeal, appellant contends that the evidence was insufficient to support a finding

of driving while under the influence (DUI).  He further argues that the trial court erred in allowing a

previous DUI conviction that was based on a reduced charge to be used for enhancement purposes

under Code § 18.2-270.  For the following reasons, we affirm his conviction for DUI, but vacate the

sentence imposed under Code § 18.2-270(C)(1) for DUI, third offense, and remand the case to the

trial court for appellant to be sentenced for DUI, second offense.

BACKGROUND

On March 26, 2012, appellant and his wife were having marital problems, including her

concerns regarding his drinking.  Appellant had taken up residence in a condominium within fifteen

─────────────────────────
[1] Appellant also was convicted of violating Code § 18.2-272 for driving with a suspended
license, but that conviction is not a subject of this appeal.

minutes of the marital home. Although the parties were separating, appellant spent that weekend in the marital residence. On March 26, 2012, appellant left the marital home between 6:15 and 6:30 p.m. to return to his condominium. After stopping at a market on the way, he swerved and drove his vehicle, a BMW, into a mailbox. He then proceeded to his residence. Police located him and his car in the parking garage associated with his condominium.

At trial, appellant and the Commonwealth stipulated to some of the evidence. The parties agreed that witnesses would have testified to a crash occurring around 7:10 p.m. on March 26, 2012. The owner of the mailbox, George Osipov, would have testified that he saw the BMW enter his front yard and hit the mailbox. Osipov was the first to arrive at the crash site and smelled alcohol. Monique Neff also would have testified that she saw appellant's BMW swerve and hit the mailbox. She further saw appellant wearing a blue baseball cap and noticed an open container of beer in the car. Kirk Radicon, who saw appellant after he entered the parking garage, observed that appellant smelled of alcohol, swayed and stumbled, and had bloodshot eyes. Radicon also would have testified that appellant admitted to him that he had hit something.

The Commonwealth called as a witness Detective Christopher Lazar of the Virginia Beach Police Department.[2] Detective Lazar testified that he arrived at the parking garage around 7:45 p.m. and found a security guard and appellant with his car. Appellant was drinking a beer and smoking a cigarette. Detective Lazar also noticed another beer sitting outside the car and one inside the vehicle. The car engine was warm, and the headlights were on. Detective Lazar noted that there was damage to the front bumper of the vehicle.

Detective Lazar questioned appellant, who reported that he had been out to dinner with his family. Detective Lazar testified that appellant told him that he had consumed two or three beers

_____

[2] In the transcript, Detective Lazar is referred to as both "Officer Lazar" and "Detective Lazar." We refer to him as Detective Lazar throughout the opinion.

with dinner and then later switched to a glass of wine. He specifically asked whether appellant had anything to drink after the crash; appellant responded that he drank one and a quarter beers, which were in the car. He asked whether he had taken any medications; appellant responded that, although he had a prescription for Xanax, he had not taken any "that day."

During their conversation, Detective Lazar observed that appellant's speech was slurred, almost to the point of incoherence, and that it took a long time to understand what appellant was saying. Appellant had difficulty standing and walking. Detective Lazar also noticed that appellant's face was flushed; his eyes were bloodshot, watery, and glassy; and a strong smell of alcohol emanated from his person. In addition, appellant's pants were wet in the genital area. He asked appellant to perform some field sobriety tests. Detective Lazar performed the horizontal gaze nystagmus test and observed responses indicative of an elevated blood alcohol concentration. In response to instructions for the walk-and-turn test and one-leg lift test, appellant stated he could not perform these tasks "even if he was sober." Detective Lazar then read appellant his rights for the preliminary breath test around 8:25 p.m. and offered the test. Appellant refused the breath test and was placed under arrest around 8:30 p.m.

Appellant's wife testified on his behalf. She said that he left the marital home between 6:00 and 6:30 p.m. She acknowledged that appellant was having drinking issues. She stated that although there had been wine with dinner earlier in the weekend, appellant had consumed no alcohol that day and that there had been none in the house. She did not notice any impairment in his speech, motor skills, or appearance when he left. She did not see him again that evening. She acknowledged that she did not want appellant to go to jail.

Appellant testified in his own defense. He stated that he left the marital residence around 6:15 p.m. He testified that he had not consumed any alcohol up to that point. He stated that he was heading to his temporary residence, about fifteen minutes away, and stopped at a market on the

way, where he purchased a 12-pack of beer and some cigarettes. He admitted that he hit the mailbox with his BMW on his trip from the market to his condominium. He confirmed the stipulated witness testimony that he had an open beer container in the car. When asked whether he had consumed any of the beer, appellant responded, "I may have had a couple of sips, but as I had said, I had spilled some of it on my lap. So I put it . . . in the cup holder." He noted that he had an open bottle of wine in the car. He attributed his swerving and hitting the area around the mailbox to his reaching to secure items that were falling over from the passenger seat. Appellant testified that, because it did not appear as though anyone was around to notify of the incident, he returned to his car after he retrieved a fender that had fallen off of his car. He denied there being any witnesses and expressly said that Osipov did not approach him at that time.

He said he consumed a Xanax after he had returned to his residence. He stated he drank the remainder of the wine that had been in the car, about ¾ of a bottle. According to appellant's testimony, when he was approached by Detective Lazar, he was in the parking garage to smoke and to retrieve some items from his car. He asserted that his statements to Detective Lazar about his beer consumption had been in reference to drinks he had had at the condominium, prior to Detective Lazar's arrival, but after he had stopped driving. Appellant testified that he had "chugged" four bottles of beer and had left an additional two bottles half empty.

As a result of the events of March 26, 2012, appellant was charged with felony DUI, third offense. To establish the predicate convictions, the Commonwealth relied on two prior DUI convictions. One was a September 2012 conviction for DUI, first offense, in violation of Code § 18.2-266 for driving that occurred on March 16, 2012. This conviction was the result of a plea in circuit court after the appeal of a May 7, 2012 judgment of the General District Court of the City of Virginia Beach finding appellant guilty of DUI, first offense, after the general district court struck the initial charge of DUI, second offense. Other than to note that he was convicted of DUI, first

- 4 -

offense, for the March 16, 2012 incident, appellant does not take issue with this predicate offense on appeal.

The other was a June 9, 2010 conviction from the General District Court of the City of Virginia Beach for DUI, first offense, in violation of Code § 18.2-266 for an offense that occurred on April 21, 2010. The conviction order, signed by the judge, indicates that appellant was present at trial, was represented by counsel, and pled guilty to the charge. A blank on the conviction order where the judge could have checked that the plea was "voluntarily and intelligently entered after the defendant was apprised of his right against compulsory self-incrimination and his right to confront witnesses against him . . ." was not checked by the judge. Appellant did not appeal this conviction nor raise any challenge to the validity of his guilty plea at the time.

At trial, appellant argued that the 2010 conviction could not be used by the Commonwealth as a predicate offense. Specifically, he argued that, in reducing the March 16, 2012 charge from DUI in violation of Code § 18.2-266, second offense, to DUI, first offense, the general district court in 2012 ruled that the 2010 conviction could not serve as a basis for sentence enhancement. Although the May 7, 2012 conviction order provides no reason as to why the charge was reduced in the general district court, appellant argued in the trial court that the basis for the reduction in the charge was the general district court's determination that the 2010 "guilty plea . . . was in violation of his constitutional rights because the court in 2010 had not advised [appellant] that before accepting his guilty plea he was waiving his rights against compulsory self-incrimination; right to confront and examine his accusers and witnesses; and waiving his right to defend himself." The Commonwealth argued that the order did not reveal that was the reason for the reduction in the offense and objected to the trial court considering "anything that's not within the court's record as it has before it in regard to those orders." The Commonwealth also argued that the 2010 general district court proceeding relied upon by appellant was a nullity because appellant had appealed the

general district court's judgment to the circuit court, where he eventually pled guilty to DUI in violation of Code § 18.2-266, first offense.

Despite having made these initial objections, the Commonwealth ultimately agreed that appellant accurately had represented the basis for the general district court's decision to reduce the March 16, 2012 charge to DUI, first offense. Specifically, after the trial court invited appellant to offer testimony as a proffer of the basis of the general district court's rationale, the Commonwealth stated:

> I'll stipulate. I – it's my understanding that that was the reason for why Judge Hutchens reduced the charges to a DUI first. I don't think there's any evidence before the court. *I will make it evidence now* as part of that stipulation that Judge Hutchens reduced that because she did not find that first prior to be [valid for purposes of sentence enhancement under Code § 18.2-270].

(Emphasis added).

Having considered all of the evidence and the arguments, the trial court admitted the 2010 conviction order into evidence and considered it a valid conviction for the purposes of Code § 18.2-270. Having done so, the trial court found appellant "guilty of . . . driving under the influence third or subsequent offense . . . ." In reaching this conclusion, the trial court made a specific finding that appellant was "not credible at all."

Appellant raises three challenges to his conviction on appeal. He argues that the evidence regarding the March 26, 2012 incident was insufficient to allow the trial court to find him guilty of DUI in violation of Code § 18.2-266. He further argues that he could not have been guilty of DUI, third or subsequent offense, because, even assuming he had been twice convicted of DUI in violation of Code § 18.2-266, he previously had never been convicted of DUI, second offense. He also argues that the Commonwealth could not rely on the June 2010 conviction as a predicate offense under Code § 18.2-270 because that issue had been resolved in his favor in the general

district court litigation related to the March 16, 2012 incident, and therefore, collateral estoppel precluded the Commonwealth from relitigating the issue in the instant case.

ANALYSIS

I. The Evidence Was Sufficient to Allow the Trial Court to Find Appellant Guilty of DUI in Violation of Code § 18.2-266 for the Events of March 26, 2012

Code § 18.2-266 makes it "unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol." Appellant argues that the evidence is insufficient to show that he was driving while under the influence. He avers that his consumption of alcohol and the resulting intoxication occurred only after he had returned to his residence. He contends that "it would be reasonable . . . for a rational trier of fact to conclude that [he] was sober when [he] struck the mailbox, and that it was not until he arrived at the condo" that he began drinking.

In reviewing the sufficiency of the evidence, we note that we examine a factual finding "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). Accordingly, "we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below." Smallwood v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and internal quotation marks omitted). This deferential appellate standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (en banc) (internal quotation marks omitted). "Thus, a factfinder may 'draw reasonable inferences from basic facts to ultimate facts,' unless doing so

would push 'into the realm of *non sequitur*.'" Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (citations omitted).

So viewed, the evidence was more than sufficient for a reasonable factfinder to conclude beyond a reasonable doubt that appellant was guilty of DUI in violation of Code § 18.2-266. His own statements to Detective Lazar establish that appellant had consumed alcohol that evening before driving. The stipulated testimony of the Commonwealth's other witnesses establish that while smelling of alcohol and with an open container of beer in the car, appellant swerved, ran his vehicle off the road into a front yard, and crashed into a mailbox. Further, the evidence establishes that, upon arrival at the parking facility for his condominium, appellant exhibited signs of intoxication, namely bloodshot eyes, an unsteady gait, and had an odor of alcohol about him. At the parking facility, the crotch of his pants was wet, allowing the inference that he either had spilled alcohol on himself while driving or had urinated on himself.

Although lacking the precision of a breathalyzer test, these circumstances, taken together, sufficiently support the factfinder's conclusion that appellant had driven his car while drunk. "[C]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Simon v. Commonwealth, 58 Va. App. 194, 206, 708 S.E.2d 245, 251 (2011) (quoting Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983)). Circumstantial evidence "is not viewed in isolation." Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 32 (2005), cert. denied, 547 U.S. 1136 (2006). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." Id. (citation omitted). Moreover, factfinders in DUI cases are expressly directed to "determine the innocence or guilt of the defendant from *all* the

evidence concerning his condition at the time of the alleged offense." Code § 18.2-268.10(D) (emphasis added).

Appellant contends that his version of events, that he had nothing to drink until after he reached the condominium, provides a reasonable hypothesis of innocence that requires his acquittal. This misunderstands both the reasonable-hypothesis principle and the importance of the factfinder. As the Virginia Supreme Court recently recognized, under the reasonable-hypothesis principle

> a factfinder cannot "arbitrarily" choose, as between two equally plausible interpretations of a fact, one that incriminates the defendant. *The choice becomes arbitrary, however, only when no rational factfinder could believe the incriminating interpretation of the evidence and disbelieve the exculpatory one. When examining an alternate hypothesis of innocence, the question is not whether "some evidence" supports the hypothesis, but whether a rational factfinder could have found that the incriminating evidence renders the hypothesis of innocence unreasonable.*

Vasquez v. Commonwealth, ___ Va. ___, ___, 781 S.E.2d 920, 930 (2016) (emphasis added) (internal quotation marks, citations and footnote omitted).

Appellant's account, which the factfinder expressly found to be incredible, would require a factfinder to believe that appellant consumed and absorbed ¾ of a bottle of wine, four full beers, and an additional two half-bottles of beer in twenty-five to thirty minutes.[3] Furthermore, to believe appellant's version of events, the factfinder necessarily would have been required to reject the evidence offered by Detective Lazar and the other witness accounts. Considering all of the evidence, we cannot say that the factfinder's rejection of appellant's story was arbitrary.

---

[3] Sufficient reasons exist for the factfinder to reject the testimony of Mrs. Leonard. First, her account was contradicted by the other evidence, including appellant's own statements to Detective Lazar. Further, the factfinder reasonably could conclude that her admission that she did not want appellant to go to jail called her version of events into question.

"[W]e will reverse a judgment of the circuit court only upon a showing that it is plainly wrong or without evidence to support it." Singleton v. Commonwealth, 278 Va. 542, 548, 685 S.E.2d 668, 671 (2009). Here, based on the totality of the evidence, we cannot say that it was unreasonable for the trial court to conclude that appellant was driving while under the influence of alcohol in violation of Code § 18.2-266 on March 26, 2012, and therefore, we affirm its finding.

II. Code § 18.2-270(C) Does Not Require that a Person Be Convicted of DUI, Second Offense, Before Being Convicted of DUI, Third or Subsequent Offense

Citing to Code § 18.2-270(C), appellant argues that before he could be found "guilty of DUI 3rd offense . . . a court of competent jurisdiction must have previously convicted him of DUI 2nd offense." As such, appellant raises a question of statutory interpretation, which we review *de novo*. Va. Empl. Comm'n v. Cmty. Alternatives, Inc., 57 Va. App. 700, 708, 705 S.E.2d 530, 534 (2011).

In resolving questions of statutory interpretation, we adhere to the principle "that courts will give statutory language its plain meaning." Davenport v. Little-Bowser, 269 Va. 546, 555, 611 S.E.2d 366, 371 (2005) (citing Jackson v. Fidelity & Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 904 (2005)). Furthermore, "[w]e 'assume that the legislature chose, with care, the words it used when it enacted the relevant statute.'" Alger v. Commonwealth, 267 Va. 255, 261, 590 S.E.2d 563, 566 (2004) (quoting Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990)). Finally, we are prohibited from "adding language to or deleting language from a statute . . ." in the guise of interpreting that statute. Appalachian Power Co. v. State Corp. Comm'n, 284 Va. 695, 706, 733 S.E.2d 250, 256 (2012) (citing BBF, Inc. v. Alstom Power, Inc., 274 Va. 326, 331, 645 S.E.2d 467, 469 (2007)).

Code § 18.2-270(C)(1) provides:

> Any person convicted of three offenses of § 18.2-266 committed
> within a 10-year period shall upon conviction of the third offense
> be guilty of a Class 6 felony. The sentence of any person convicted

- 10 -

of three offenses of § 18.2-266 committed within a 10-year period shall include a mandatory minimum sentence of 90 days, unless the three offenses were committed within a five-year period, in which case the sentence shall include a mandatory minimum sentence of confinement for six months. In addition, such person shall be fined a mandatory minimum fine of $1,000.

The terms of the statutory provision are clear and unambiguous: to receive the enhanced punishment provided for in Code § 18.2-270(C)(1) a person must have been convicted of three violations of Code § 18.2-266 that occurred within a ten-year period. There is no mention of DUI, second offense, in either Code § 18.2-270(C)(1) or in Code § 18.2-266, and thus, such a charge is not a predicate for imposition of the enhanced penalties found in Code § 18.2-270(C)(1).[4] Because the express text of Code § 18.2-270(C)(1) does not require that a person have been charged and convicted of DUI, second offense, before he can receive the enhanced punishments provided for in Code § 18.2-270(C)(1), we reject appellant's contention to the contrary.

III. Collateral Estoppel and the May 7, 2012 Decision of the General District Court

Having concluded that the lack of a conviction for DUI, second offense, was not an impediment to charging appellant with DUI, third offense, we turn to the question of whether the Commonwealth's evidence was sufficient to support his conviction for DUI, third offense.

Appellant argues that the evidence was insufficient to support his conviction because the Commonwealth was barred by the doctrine of collateral estoppel from relying upon the June 2010 conviction. He asserts that, in its May 7, 2012 decision, the general district court definitely and

---

[4] DUI, second offense, is addressed in Code § 18.2-270(B), which provides enhanced penalties for a second conviction of DUI under certain parameters. Nothing in Code § 18.2-270(B) or anywhere else in Code § 18.2-270 suggests that the prior imposition of punishment under Code § 18.2-270(B) is required before a defendant can be punished under Code § 18.2-270(C)(1). Although that may be the "normal" progression of events, Code § 18.2-270(C)(1) only requires that there have been two previous convictions for DUI in violation of Code § 18.2-266. If the General Assembly had intended to adopt appellant's position, it would have done so expressly.

necessarily found that the conviction was invalid, and therefore, the doctrine of collateral estoppel prohibited the Commonwealth from utilizing the June 2010 conviction as a predicate offense in this case.

"[C]ollateral estoppel involves mixed questions of law and fact [to which] we apply a *de novo* standard of review . . . [; however,] we are bound by the underlying factual issues as determined by the fact finder unless they are plainly wrong or unsupported by the evidence." Commonwealth v. Davis, 290 Va. 362, 368-69, 777 S.E.2d 555, 558 (2015) (quoting Loudoun Hosp. Center v. Stroube, 50 Va. App. 478, 493, 650 S.E.2d 879, 886-87 (2007)).

A.  The May 7, 2012 General District Court Proceeding

At the outset, it is important to note that, to the extent that appellant's assertions about the May 7, 2012 general district court ruling are correct, the general district court committed error. Specifically, appellant contends that the general district court concluded that the June 2010 DUI conviction was somehow invalid.  Assuming the general district court did this, its actions were an impermissible collateral review of a valid conviction.

From the face of the June 2010 warrant/conviction order, it is clear that appellant appeared in court, where he was represented by counsel, and was convicted of DUI in violation of Code § 18.2-266.  He did not challenge that conviction by way of direct appeal or other post-conviction proceeding.  Accordingly, the June 2010 conviction was not subject to a collateral attack during the May 7, 2012 proceeding in the general district court.[5] Vester v. Commonwealth, 42 Va. App. 592, 597, 593 S.E.2d 551, 553 (2004).

---

[5] Even appellant appreciates the irony of his position.  He argues that collateral attacks between the same parties are not allowed, and therefore, it is impermissible for the Commonwealth to collaterally attack what he alleges was the general district court's May 7, 2012 ruling, which was itself a result of appellant's impermissible collateral attack on the June 2010 conviction.

- 12 -

Vester also involved a defendant's attempt to collaterally attack prior DUI convictions that were used to trigger the enhanced penalty provisions of Code § 18.2-270. Id. at 595, 593 S.E.2d at 552. Relying upon decisions of the United States Supreme Court regarding the finality of prior convictions in recidivism schemes, we held that "the right to collaterally attack a prior criminal conviction in a subsequent proceeding for enhancement purposes is limited to the *actual* denial of counsel." Id. at 597, 593 S.E.2d at 553 (citations omitted). Because it is clear that appellant was represented by counsel in the June 2010 proceeding, it was error for the general district court even to entertain a collateral attack on the validity of that conviction in 2012.

This, however, does not end our inquiry. If appellant can satisfy the elements for the application of the doctrine of collateral estoppel, it does not matter that the underlying decision was erroneous. The prior court decision is still entitled to preclusive effect. Highsmith v. Commonwealth, 25 Va. App. 434, 443, 489 S.E.2d 239, 243 (1997) ("Although the district court's dismissal was based on a principle of law that was later determined to be erroneous, its dismissal was nevertheless a final ruling on the merits of the case . . . ," and thus, could serve as the basis for the preclusive effect of collateral estoppel.).

B. The Doctrine of Collateral Estoppel

"In criminal cases, collateral estoppel is a legal doctrine grounded in the Fifth Amendment guarantee against double jeopardy." Davis, 290 Va. at 368, 777 S.E.2d at 558 (internal quotation marks and citation omitted). In this context, collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in" a future proceeding. Ashe v. Swenson, 397 U.S. 436, 443 (1970).

For the doctrine to apply,

> (1) the parties to the two proceedings must be the same; (2) the
> factual issue sought to be litigated must have been actually

litigated in the prior proceeding; (3) the factual issue must have been essential to the judgment rendered in the prior proceeding; and (4) the prior proceeding must have resulted in a valid, final judgment against the party to whom the doctrine is sought to be applied.

Rice v. Commonwealth, 57 Va. App. 437, 443, 703 S.E.2d 254, 257 (2011). The party seeking the benefit of the doctrine bears the burden of establishing that all of the elements necessary for the doctrine to apply are present. Wright v. Eckhardt, 267 Va. 24, 26-27, 591 S.E.2d 668, 670 (2004).

The Commonwealth contends that appellant has not established all four elements. Specifically, the Commonwealth argues that appellant failed to demonstrate that the factual issue sought to be litigated was actually litigated in the 2012 general district court proceeding or that the general district court proceeding "resulted in a valid, final judgment against" the Commonwealth. We address each of these contentions in turn.

C. The Validity of the 2010 DUI Conviction Was Actually Litigated in the 2012 General District Court Proceeding

In convicting appellant of DUI, third offense, the trial court concluded that appellant had not demonstrated the basis for the general district court's 2012 ruling. During one of the many colloquies regarding the argument, the trial court stated, "how would this court know . . . why [the general district court] changed it from [DUI] second to [DUI] first? . . . I mean, as [the Commonwealth] points out . . . the court does speak through its orders . . ." and the warrant is silent as to a reasoning or rationale. Although generally correct, such a position is not supported by the evidence in the record.

In general, a party seeking to utilize a general district court warrant for collateral estoppel purposes will be unsuccessful. This stems from the fact that the form warrant/conviction order utilized in the general district courts, by its nature, usually results in a series of checked boxes and filled in blanks that indicate *what* result obtained in the general district court but rarely *why* it

- 14 -

happened. In short, the form warrant provides the result, but rarely provides the general district court's rationale.

The lack of factual findings or the court's rationale on the face of a warrant is generally fatal to a claim of collateral estoppel. In <u>Lee v. Commonwealth</u>, 219 Va. 1108, 1111-12, 254 S.E.2d 126, 128 (1979), the Virginia Supreme Court addressed the limitations on collateral estoppel created by the use of form warrants in the general district courts, noting that

> [w]hile a more definitive practice might be preferable, district courts frequently mark misdemeanor warrants "dismissed" without assigning specific grounds. We recognize that dismissal may sometimes be based, not upon an adjudication of substantive issues, but upon some technical procedural defect or, indeed, upon nothing more than considerations of leniency. When grounds for a dismissal are not assigned and do not otherwise appear of record, the doctrine of collateral estoppel will not be applied since the defendant bears the burden of proving that the precise issue or question he seeks to preclude was raised and determined in the first action.

(Some internal quotation marks and citations omitted). Thus, had the only evidence of the basis for the general district court's 2012 ruling been the warrant/conviction order, appellant's invocation of collateral estoppel would fail.

Unlike the typical case, however, there was undisputed evidence as to the basis of the general district court's ruling in 2012. Prior to the Commonwealth's stipulation, there was no evidence as to the basis of the general district court's ruling. The Commonwealth stipulated that the general district court reduced the charge from DUI, second offense, to DUI, first offense, in 2012 because it found that the 2010 conviction was invalid for sentencing enhancement under Code § 18.2-270. The Commonwealth expressly stated that the stipulation was intended to "make it evidence now . . . ."

Admittedly, the Commonwealth's statement was not as precise as it could have been and actually ended with the attorney for the Commonwealth noting that "I wasn't there" in regards to

- 15 -

the 2012 proceeding in the general district court.[6]  Nevertheless, reading the entire colloquy between the parties' counsel and the court along with the fact that appellant did not continue with the proffer the trial court had invited him to make, the only fair reading of the exchange is that the Commonwealth stipulated that appellant had correctly summarized the general district court's rationale for reducing the charge and that the trial court accepted the stipulation.

Stipulations of fact, such as this, are binding.  Fountain v. Commonwealth, 64 Va. App. 51, 58, 764 S.E.2d 293, 296 (2014) ("Parties are bound by their factual stipulations." (citing Barrick v. Bd. of Supers., 239 Va. 628, 631, 391 S.E.2d 318, 320 (1990))).  As such, stipulations can provide the necessary evidence for determining the basis for a general district court's ruling.  As the Virginia Supreme Court held in Lee, in the face of a form warrant with no express statement of the general district court's findings of fact or rationale, but a stipulation providing such a basis,

> [t]he only rational conclusion the stipulation permits is that, in sustaining the motion and dismissing the misdemeanor warrant, the district court decided that the evidence was insufficient to prove that defendant was driving his car on the date charged in the warrant.  Whether defendant was driving his car on that date was "an issue of ultimate fact" in the misdemeanor prosecution and an element of each of the felonies charged in the indictments.  Under the rule in Ashe, we must hold that the Commonwealth was estopped to prosecute the felonies.

219 Va. at 1111, 254 S.E.2d at 127.  For the same reasons, we find that the stipulation in this case established the basis for the general district court's 2012 ruling, and therefore, appellant sufficiently demonstrated that the fact was actually litigated and resolved in his favor in the prior proceeding.

---

[6] The imprecision underscores that it is the far better practice to reduce a stipulation to writing.

D.  Constitutional Protections Against Double Jeopardy Necessitate Concluding that the General District Court's 2012 Ruling Regarding the Validity of the 2010 Conviction is a Final Judgment

The Commonwealth argues that even if appellant did demonstrate that the fact of the invalidity of the 2010 DUI conviction was fully litigated and determined in the 2012 general district court proceeding, such a determination did not constitute a final judgment because appellant appealed it.  Accordingly, citing both cases from this Court and the Virginia Supreme Court, the Commonwealth reasons that any ruling of the general district court "was annulled by his appeal of that judgment."

The Commonwealth correctly sets forth the general rule that proceedings in the general district court are rendered nullities when a party files an appeal to the circuit court.  As we observed in Turner v. Commonwealth, 49 Va. App. 381, 641 S.E.2d 771 (2007),

> in a trial *de novo* the circuit court disregards the judgment of the district court, hears the evidence anew and may consider new evidence, and makes final disposition of the case as if the case had not proceeded to judgment in the district court.  Once the trial *de novo* commences in the circuit court, the district court judgment is annulled, and is not thereafter available for any purpose.

Id. at 386, 641 S.E.2d at 773 (internal quotation marks and citations omitted); see also Code § 16.1-136 (providing that criminal appeals from a general district court "shall be heard *de novo*" in the circuit court).  If there were no exception to the seemingly absolute language we restated in Turner, the Commonwealth's position would be well-taken.  However, as we recognized in Turner, there is an exception to this general rule that is grounded in constitutional protections against double jeopardy.

In Turner, the defendant was charged in the general district court with DUI, second offense.  49 Va. App. at 383, 641 S.E.2d at 772.  The general district court did not convict him of that offense, but rather, he was convicted of "DUI[,] first offense[,] . . . [and] appealed that conviction to the circuit court for a trial *de novo*."  Id. at 384, 641 S.E.2d at 772.  Despite the

- 17 -

implicit acquittal of DUI, second offense, inherent in the general district court's decision to convict

him of DUI, first offense, the circuit court allowed the Commonwealth to amend the charge in the

circuit court proceeding to DUI, second offense.  Id. at 383, 641 S.E.2d at 772.  Having allowed the

charge to be amended, the circuit court found him guilty of DUI, second offense.  Id. at 385, 641

S.E.2d at 772.

Despite recognizing the general rule that an appeal of a general district court's judgment to a

circuit court renders the general district court proceedings a nullity, we reversed Turner's conviction

for DUI, second offense.  Specifically, we noted that

> long-established double jeopardy principles mandate that there
> cannot be a trial *de novo*, or otherwise for the same offense after an
> acquittal by a court having authority and jurisdiction to try the
> offense.  Here, the Commonwealth was limited by appellant's
> district court acquittal of DUI second offense, and could prosecute
> appellant for no greater charge than the conviction appealed - DUI
> first offense.  To hold otherwise would permit the Commonwealth
> on *de novo* appeal by a person convicted of a lesser-included
> offense to be re-prosecuted for the greater offense after acquittal in
> the district court.

Id. at 386-87, 641 S.E.2d at 773 (internal quotation marks and citations omitted).

Accordingly, at least as it involves a general district court's judgment acquitting a defendant

of a particular offense, constitutional prohibitions against double jeopardy prevent an appeal from

rendering a general district court proceeding a *complete* nullity.  Because the same prohibitions on

double jeopardy underpin the application of the doctrine of collateral estoppel in criminal cases, see

Davis, 290 Va. at 368, 777 S.E.2d at 558, we conclude that the general district court's finding

that the 2010 conviction was invalid and required appellant's acquittal of DUI, second offense, is

similarly not nullified by the appeal of the general district court judgment.[7]  Accordingly, in light of the Commonwealth's stipulation, appellant was entitled to rely on that ruling for the purposes of collateral estoppel, and therefore, the Commonwealth could not use the 2010 conviction as a predicate offense for the enhanced penalty provisions of Code § 18.2-270(C)(1).[8]

E.  Remedy

Having found that, as a result of appellant's successful invocation of collateral estoppel, the evidence was insufficient to support appellant's conviction for DUI, third offense, the question becomes one of remedy.  Normally, when an appellant successfully challenges the admission of evidence that was necessary to support his conviction, we remand the case "for a new trial if the Commonwealth elects to have a new trial."  Code § 19.2-324.1.  In this case, however, appellant and the Commonwealth have agreed that, given our rulings above, the appropriate resolution is to remand the case to the trial court to allow appellant to be sentenced on the lesser-included offense of DUI, second offense.  Accordingly, we remand the case for that purpose.  Commonwealth v. South, 272 Va. 1, 1, 630 S.E.2d 318, 319 (2006) (holding that, in

---

[7] We recognize that the Commonwealth was, because of the constitutional prohibitions on double jeopardy, precluded from appealing the general district court's 2012 decision and that we previously have recognized that, in general, the inability of a party to seek appellate review of an initial judgment will preclude the application of collateral estoppel against that party.  AKAK, Corp. v. Commonwealth, 38 Va. App. 634, 639, 567 S.E.2d 589, 591 (2002).  However, given the double jeopardy concerns that inform the application of collateral estoppel in criminal cases, see Davis, 290 Va. at 368, 777 S.E.2d at 558, the collateral estoppel bar may be asserted against the Commonwealth regarding the factual issue necessarily determined by the general district court in its implicit acquittal of appellant for DUI, second offense.

[8] We note that such a result is limited to situations where, as here, the lower court ruled that the acquittal was based on the prior conviction being *invalid* and, therefore, the conviction could *never* be used for enhancement purposes.  An acquittal of DUI, second offense, based on a simple failure to adduce sufficient evidence of the prior conviction (e.g., the Commonwealth failing to offer the prior conviction order in evidence) does not give rise to similar preclusion issues.

cases where the evidence is insufficient to support conviction of a greater offense, remand for sentencing on a lesser offense is appropriate if the parties consent).

CONCLUSION

For the reasons stated above, we affirm his conviction for DUI, but vacate the sentence imposed under Code § 18.2-270(C)(1) for DUI, third offense, and remand the case to the trial court for appellant to be sentenced for DUI, second offense.

<u>Affirmed in part, and</u>
<u>vacated and remanded in part.</u>