PRESENT:  Lemons, C.J., Goodwyn, McClanahan, Powell, Kelsey, and McCullough, JJ., and Millette, S.J.

COMMONWEALTH OF VIRGINIA

v.  Record No. 160952

GREGORY EDWARD LEONARD, II

OPINION BY
JUSTICE ELIZABETH A. McCLANAHAN
October 19, 2017

FROM THE COURT OF APPEALS OF VIRGINIA

Gregory Edward Leonard II was convicted of driving under the influence ("DUI"), third or subsequent offense within a five-year period.  The Court of Appeals vacated the sentence for DUI, third offense, and remanded the case to the trial court for sentencing on DUI, second offense.  The Court of Appeals ruled that the Commonwealth was collaterally estopped in this case from using a valid DUI conviction as a predicate offense for sentencing enhancement because a general district court, in an unrelated case, previously ruled that the Commonwealth could not use the same DUI conviction as a predicate offense for sentencing enhancement.  We conclude the Court of Appeals erred in applying the doctrine of collateral estoppel, and therefore, we will reverse the judgment of the Court of Appeals.

I.  BACKGROUND

A grand jury indicted Leonard for driving under the influence, in violation of Code § 18.2-266, third or subsequent offense within five years, in connection with an accident that occurred on March 26, 2012.  *See* Code § 18.2-270(C)(1).[1]  At a bench trial in the circuit court,

---

[1] Code § 18.2-270(C)(1) states:

Any person convicted of three offenses of § 18.2-266 committed within a 10-year period shall upon conviction of the third offense be guilty of a Class 6 felony. The sentence of any person convicted of three offenses of § 18.2-266 committed

the Commonwealth introduced certified copies of DUI conviction orders entered in 2010 and 2012 to establish that Leonard had committed three DUI offenses within a five-year period.[2] The 2010 conviction order was entered by the General District Court of the City of Virginia Beach and recited that Leonard was present at trial, was represented by counsel, and pled guilty to the charge of DUI, first offense.[3] The 2012 conviction order was entered by the Circuit Court of the City of Virginia Beach, which heard the matter on appeal from the general district court, and recited that Leonard was present at trial, was represented by counsel, and pled guilty to the charge of DUI, first offense.

Although Leonard did not object to the admission into evidence of the 2012 conviction order, Leonard asserted that the principle of collateral estoppel precluded the Commonwealth from relying upon the 2010 conviction order. Leonard claimed that the General District Court of the City of Virginia Beach, in the 2012 case that was later appealed to the circuit court, ruled that the Commonwealth could not rely upon the 2010 DUI conviction for sentencing enhancement. Leonard introduced a certified copy of the conviction order entered by the general district court

---

within a 10-year period shall include a mandatory minimum sentence of 90 days, unless the three offenses were committed within a five-year period, in which case the sentence shall include a mandatory minimum sentence of confinement for six months. In addition, such person shall be fined a mandatory minimum fine of $1,000.

[2] The Commonwealth also admitted into evidence a copy of the transcript of Leonard's driving record from the Virginia Department of Motor Vehicles, which listed the two prior convictions for DUI in 2010 and 2012. Leonard's 2010 DUI conviction was for an offense that occurred on April 21, 2010. Leonard's 2012 DUI conviction was for an offense that occurred on March 16, 2012.

[3] The conviction order is a preprinted form disposition order located on the back of the arrest warrant and contains a series of blocks that may be checked by the court. A separate form conviction and sentencing order was incorporated as well.

in 2012, which noted that Leonard had been charged with DUI, second offense, but found guilty of DUI, first offense. Leonard argued that the general district court ruled in 2012 that the Commonwealth could not introduce the 2010 DUI conviction to establish DUI, second offense, because it found that Leonard had not been advised of his constitutional rights, in violation of *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), before pleading guilty to the 2010 offense.[4]

Leonard maintained that because the issue of whether the Commonwealth could rely upon the 2010 DUI conviction for sentencing enhancement had been previously determined in the 2012 general district court proceeding, the Commonwealth was precluded, under the principle of collateral estoppel, from relitigating this issue. Specifically, Leonard asserted that "[t]he issue there that was litigated was whether or not the 2010 conviction could be introduced to enhance [the first offense to] a second offense" and that "the Commonwealth is trying to relitigate that same issue to try to use the 2010 [conviction] to make this a third offense."

The Commonwealth responded to Leonard's argument by noting that the general district court's order did not provide a basis for the reduction of DUI, second offense, to DUI, first offense, and that in any event, the general district court's judgment was annulled once the matter was appealed to the circuit court. Upon the conclusion of the evidence, however, the

---

[4] In *Boykins*, the United States Supreme Court held it was error for a trial court to accept a criminal defendant's guilty plea without an affirmative showing that the plea was knowingly and voluntarily made. 395 U.S. at 242. According to Leonard, the general district court's 2012 finding that he had not been advised of his constitutional rights before pleading guilty in 2010 was based on the general district court's failure in 2010 to note on the warrant that the plea was "voluntarily and intelligently entered after the defendant was apprised of his right against compulsory self-incrimination and his right to confront the witnesses against him."

Commonwealth stipulated that the basis for the general district court's 2012 ruling was its finding that Leonard was not advised of his constitutional rights before pleading guilty in 2010.[5]

The trial court overruled Leonard's objection to the admission of the 2010 DUI conviction order and found Leonard guilty of DUI, third or subsequent offense, but permitted the parties to brief the issue of collateral estoppel prior to sentencing.[6] At the sentencing hearing, the trial court ruled that collateral estoppel did not apply to preclude the Commonwealth's reliance on the 2010 DUI conviction as a predicate offense for sentencing enhancement. The trial court stated that Leonard "failed to prove two of the elements, litigation of the issue and final judgment on the merits."

Leonard appealed to the Court of Appeals, which vacated the trial court's judgment and held that the Commonwealth was barred under the doctrine of collateral estoppel from using the 2010 DUI conviction as a predicate offense under the enhanced penalty provisions of Code § 18.2-270(C)(1).[7] *Leonard v. Commonwealth*, 66 Va. App. 270, 294, 784 S.E.2d 315, 327

---

[5] The Commonwealth stated as follows:

> I'll stipulate. I – it's my understanding that that was the reason for why Judge Hutchens reduced the charges to a DUI first. I don't think there's any evidence before the court. I will make it evidence now as part of that stipulation that Judge Hutchens reduced that because she did not find that first prior to be – I wasn't there.

[6] Leonard was also found guilty of driving on a suspended license. That conviction is not before us on appeal.

[7] Additionally, the Court of Appeals ruled that the evidence was sufficient to support the trial court's holding that Leonard was guilty of DUI in violation of Code § 18.2-266 for the offense that occurred on March 26, 2012, and that Code § 18.2-270(C) does not require a person to be sentenced for DUI, second offense, before being sentenced for DUI, third or subsequent offense. As to the latter ruling, the Court of Appeals stated that "[n]othing in Code § 18.2-270(B) or anywhere else in Code § 18.2-270 suggests that the prior imposition of punishment under Code § 18.2-270(B) is required before a defendant can be punished under Code § 18.2-

4

(2016). Initially, the Court of Appeals observed that "[a]ssuming" the general district court in the 2012 proceeding concluded that the 2010 DUI conviction was "somehow invalid," "its actions were an impermissible collateral review of a valid conviction." *Id.* at 288, 784 S.E.2d at 324.[8] Nevertheless, the Court of Appeals concluded that Leonard was entitled to rely on the general district court's 2012 ruling, though made in error, because the Commonwealth's stipulation established that the validity of the 2010 DUI conviction was actually litigated in the 2012 general district court proceeding and that ruling was not nullified by the appeal to the circuit court. *Id.* at 291-94, 784 S.E.2d at 326-27. Finding the evidence insufficient to support Leonard's conviction for DUI, third offense, the Court of Appeals remanded the case to the trial court for Leonard to be sentenced for DUI, second offense. *Id.* at 294-95, 784 S.E.2d at 327.

## II. ANALYSIS

On appeal to this Court, the Commonwealth contends that the Court of Appeals erred in holding that collateral estoppel barred the Commonwealth from introducing Leonard's 2010 DUI conviction order for sentencing enhancement. We apply a de novo standard of review to the

---

270(C)(1). Although that may be the 'normal' progression of events, Code § 18.2-270(C)(1) only requires that there have been two previous convictions for DUI in violation of Code § 18.2-266." *Leonard v. Commonwealth*, 66 Va. App. 270, 286 n.4, 784 S.E.2d 315, 323 n.4 (2016).

[8] The Court of Appeals noted that "[f]rom the face of the June 2010 warrant/conviction order, it is clear that appellant appeared in court, where he was represented by counsel, and was convicted of DUI in violation of Code § 18.2-266. He did not challenge that conviction by way of direct appeal or other post-conviction proceeding." *Leonard*, 66 Va. App. at 287, 784 S.E.2d at 323. Recognizing that "the right to collaterally attack a prior criminal conviction in a subsequent proceeding for enhancement purposes is limited to the *actual* denial of counsel," *Vester v. Commonwealth*, 42 Va. App. 592, 597, 593 S.E.2d 551, 553 (2004) (emphasis in original), the Court of Appeals stated that "it was error for the general district court even to entertain a collateral attack on the validity of that conviction in 2012." *Leonard*, 66 Va. App. at 288, 784 S.E.2d at 324.

issue of whether the principle of collateral estoppel is applicable in a given case. *Commonwealth v. Davis*, 290 Va. 362, 368, 777 S.E.2d 555, 558 (2015).

In *Ashe v. Swenson*, 397 U.S. 436 (1970), the United States Supreme Court "incorporated the doctrine of collateral estoppel into the Fifth Amendment proscription against double jeopardy." *Clodfelter v. Commonwealth*, 218 Va. 98, 105, 235 S.E.2d 340, 344 (1977), *rev'd on other grounds*, 218 Va. 619, 238 S.E.2d 820 (1977). The principle of collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe*, 397 U.S. at 443. *See also Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 142, 795 S.E.2d 887, 890 (2017) ("Under the concept of collateral estoppel, 'the parties to the first action and their privies are precluded from litigating [in a subsequent suit] any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.'") (quoting *Rawlings v. Lopez*, 267 Va. 4, 4-5, 591 S.E.2d 691, 692 (2004)). In the criminal context, the principle of collateral estoppel "protects the accused from attempts to relitigate the facts underlying a prior acquittal." *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The defendant bears the burden of proving that the precise issue of fact sought to be precluded was raised and determined in the prior action. *Rhodes v. Commonwealth*, 223 Va. 743, 749, 292 S.E.2d 373, 376 (1982).

Collateral estoppel, as applied in criminal proceedings, becomes applicable only when the defendant's prior acquittal necessarily resolved a *factual issue* that the Commonwealth seeks to litigate again in a subsequent proceeding.[9] *See, e.g., Yeager v. United States*, 557 U.S. 110,

---

[9] Although collateral estoppel, as a general principle, has been described as barring relitigation of an issue of fact or law, *see Bravo-Fernandez v. United States*, 580 U.S. ___, ___, 137 S. Ct. 352, 358 (2016), the United States Supreme Court has been more circumspect in applying the doctrine of collateral estoppel in criminal cases, noting the absence of appellate

6

123 (2009) (holding that "[i]f the possession of insider information was a critical issue of ultimate fact in all of the charges against petitioner, a jury verdict that necessarily decided that issue in his favor protects him from prosecution for any charge for which that is an essential element"); *Ashe*, 397 U.S. at 445-46 (holding that where the jury found, in a prior prosecution of robbery of one victim, that the accused was not one of the robbers, the State was collaterally estopped to litigate that factual issue again in subsequent prosecution for different victim of same robbery); *Davis*, 290 Va. at 371-72, 777 S.E.2d at 559-60 (holding that where the identity of the shooter was the "issue of ultimate fact that was actually and necessarily decided" in defendant's favor in prior proceeding, the Commonwealth was collaterally estopped from relitigating that "specific fact"); *Rhodes*, 223 Va. at 749-50, 292 S.E.2d at 377 (holding that because defendant was unable to prove that "the precise issue of fact," i.e., presence of PCP in defendant's vehicle, was determined in his favor, that issue of fact remained "unfettered by the doctrine of collateral estoppel"); *Simon v. Commonwealth*, 220 Va. 412, 418-19, 258 S.E.2d 567, 572 (1979) (holding that where the factual issue of defendant's intoxication was determined in his favor in a prior proceeding, Commonwealth was collaterally estopped from again litigating issue of defendant's intoxication); *Lee v. Commonwealth*, 219 Va. 1108, 1111, 254 S.E.2d 126, 127 (1979) (holding that whether defendant was driving his car on the date charged in the warrant was "an issue of ultimate fact" determined in prior proceeding to which collateral estoppel applied); *Clodfelter,* 218 Va. at 108, 235 S.E.2d at 346 (holding that collateral estoppel did not apply where defendant failed to satisfy his burden of showing that "the precise factual issue or question which he now seeks to preclude," i.e., possession of drugs, was necessarily decided in prior proceeding).

---

review of acquittals and the limited avenues available to the government to correct legal errors, s*ee, e.g., Standefer v. United States*, 447 U.S. 10, 22-25 (1980).

The determination of whether collateral estoppel applies here, therefore, depends on whether the Commonwealth is attempting to litigate in this case an issue of fact that was resolved in Leonard's favor in the 2012 proceeding. When the general district court ruled in 2012 that the Commonwealth could not use the 2010 conviction to support DUI, second offense, the factual question it decided in Leonard's favor was that Leonard had not been advised of his constitutional rights prior to pleading guilty to the 2010 DUI. That fact has no bearing on the issues in this case and is not a question the Commonwealth is seeking to litigate. Leonard did not argue in the trial court that the 2010 DUI conviction order was inadmissible because he was not advised of his rights prior to entering his guilty plea in the 2010 proceeding.[10] Instead, he argued that the 2010 DUI conviction order was inadmissible in this case because it was ruled inadmissible in the 2012 proceeding.[11]

In other words, Leonard is not seeking to preclude the Commonwealth from relitigating a factual finding made in the 2012 proceeding, but is attempting to bind the Commonwealth to an evidentiary ruling made in the 2012 proceeding in connection with sentencing on a different offense. To the extent the general district court actually concluded the 2010 conviction was

---

[10] Indeed, Leonard had no viable legal ground to collaterally attack the 2010 DUI conviction. Only convictions obtained in violation of the Sixth Amendment right to counsel are subject to collateral attack in recidivist proceedings. *See Johnson v. United States*, 544 U.S. 295, 303-04 (2005); *Daniels v. United States*. 532 U.S. 374, 378 (2001); *Custis v. United States*, 511 U.S. 485, 496 (1994); *see also Vester*, 42 Va. App. at 597, 593 S.E.2d at 553.

[11] The Court of Appeals held that "the stipulation in this case established the basis for the general district court's 2012 ruling, and therefore, [Leonard] sufficiently demonstrated that the fact was actually litigated and resolved in his favor in the prior proceeding." *Leonard*, 66 Va. App. at 291, 784 S.E.2d at 326. In so holding, the Court of Appeals viewed the answer in this case as resting on the ability to discern the basis for the general district court's 2012 ruling and treated "the fact" litigated and resolved in Leonard's favor as a determination of fact at issue in this case.

8

constitutionally invalid for purposes of sentencing enhancement under Code § 18.2-270, any such conclusion was a determination of law, s*ee, e.g., Montgomery County v. Virginia Dep't of Rail & Pub. Transp.*, 282 Va. 422, 435, 719 S.E.2d 294, 300 (2011) (stating that "constitutional arguments are questions of law"), based on resolution of a factual question that is not at issue in this case.

As discussed previously, the application of collateral estoppel in the criminal context has been confined to attempts by the government to relitigate the facts underlying a prior acquittal. To be sure, the 2010 DUI conviction remains a valid and existing conviction. The general district court's ruling in 2012 did "not operate to 'acquit' [Leonard] of [the 2010] conviction or change the fact that the prior conviction does still exist." *Baker v. State*, 425 N.E.2d 98, 101 (Ind. 1981) (holding that collateral estoppel did not bar the State from using prior felony convictions in support of an habitual offender charge where defendant had previously been acquitted of an habitual offender charge based on the same prior felony convictions). *See also Wright v. People*, 690 P.2d 1257, 1261 (Colo. 1984) (holding that in the context of habitual criminality proceedings, collateral estoppel does not apply to trial court rulings excluding evidence of defendant's prior conviction on the basis that the plea hearing was constitutionally inadequate); *Hall v. State*, 405 N.E.2d 530, 536-37 (Ind. 1980) (holding that collateral estoppel does not apply to preclude the State from relying on prior felony convictions, still existing, where trial court, at previous hearing, dismissed an habitual offender count for insufficient evidence of knowing and voluntary guilty pleas). The double jeopardy concerns arising from attempts by the government to relitigate facts underlying a prior acquittal do not apply to the use of a valid and existing conviction for enhanced sentencing.

Therefore, the Court of Appeals erred in holding that the doctrine of collateral estoppel applied to preclude the Commonwealth from using the 2010 DUI conviction as a predicate offense under the penalty provisions of Code § 18.2-270(C)(1).[12]

## III. CONCLUSION

For the foregoing reasons, we will reverse the judgment of the Court of Appeals and reinstate the trial court's order of conviction on DUI, third or subsequent offense within a five-year period.

*Reversed and final judgment.*

---

[12] The Commonwealth also argues that the Court of Appeals erred in holding that the general district court's ruling in 2012 was not nullified by the appeal of the general district court's judgment to the circuit court. Relying on *Turner v. Commonwealth*, 49 Va. App. 381, 641 S.E.2d 771 (2007), the Court of Appeals concluded that the general district court's 2012 ruling regarding the validity of the 2010 DUI conviction was a final judgment. Given our holding that the Commonwealth is not seeking to litigate a factual issue to which collateral estoppel applies, it is unnecessary for us to address the Commonwealth's argument.